**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PRIME PROPERTY &
CASUALTY INSURANCE INC.,**

      **Plaintiff,**

**v.**                              **Case No: 6:25-cv-00669-PGB-NWH**

**DANIEL S. LARSEN, YUSMIEL
GUITERREZ-RODRIGUEZ,
MRF TRUCKING LLC, OCASYE
TRUCKING LLC, ALBERTO
MARTINEZ-REYES, and JESUS
A. PINO,**

      **Defendants.**

                         /

## ORDER

This cause comes before the Court on the following filings:

1. Defendant Daniel S. Larsen's ("**Larsen**") Motion to Dismiss Complaint (Doc. 58 (the "**Larsen Motion**")), and Plaintiff Prime Property & Casualty Insurance Inc.'s ("**Plaintiff**") response thereto (Doc. 60); and

2. Defendants Yusmiel Gutierrez-Rodriguez ("**Gutierrez-Rodriguez**"); MRF Trucking, LLC ("**MRF**"); Ocasye Trucking, LLC ("**Ocasye**"); Alberto Martinez-Reyes ("**Martinez-Reyes**"); and Jesus A. Pino's ("**Pino**") (collectively, the "**Underlying**

1

**Defendants**")[1] Motion to Dismiss Complaint (Doc. 61 (the "**Underlying Defendants' Motion**"))[2] and Plaintiff's response thereto (Doc. 62).

Upon consideration, the Motions are due to be denied. However, the Court will stay Plaintiff's claims for declaratory judgment regarding the duty to indemnify until those claims are ripe.

## II.    BACKGROUND[3]

This action concerns whether the Plaintiff insurer has a duty under a commercial automobile insurance policy (the "**Policy**") to defend and indemnify the Underlying Defendants in a state court lawsuit (the "**State Court Action**") concerning a motor vehicle accident. (Doc. 56).

Larsen—a Defendant in the instant action—filed suit in Florida state court on January 13, 2025, against each of the Underlying Defendants. (Doc. 56-1 (the "**State Court Complaint**")). Therein, Larsen alleges that, in October of 2023, he was struck by a vehicle (the "**vehicle**") driven by Gutierrez-Rodriguez (the "**accident**"), causing Larsen harm. (*Id.* ¶¶ 13, 33). At the time of the accident, Gutierrez-Rodriguez was "a driver" who was "doing business as an employee,

---

[1]    Collectively, Defendant Larsen and the Underlying Defendants will be referred to as the "Defendants."

[2]    Together, the Larsen Motion and Underlying Defendants' Motion will be referred to as the "Motions." (Docs. 58, 61).

[3]    This account of the facts comes from Plaintiff's Second Amended Complaint for Declaratory Judgment. (Doc. 56). The Court accepts plaintiffs' factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

contractor, agent, or under the supervision of" MRF and/or Ocasye. (*Id.* ¶¶ 4–5). Further, MRF, Ocasye, Martinez-Reyes, and/or Pino owned the vehicle. (*Id.* ¶ 14). Finally, Martinez-Reyes was the "owner, managing agent and/or decision maker" of MRF, and Pino held the corresponding roles with regard to Ocasye. (*Id.* ¶¶ 8–9).

As a result of the foregoing, in the State Court Complaint, Larsen brings seven causes of action against the various Underlying Defendants. First, Larsen brings claims for negligence against Gutierrez-Rodriguez (Count I), MRF (Count II), Ocasye (Count IV), Martinez-Reyes, individually (Count VI), and Pino, individually (Count VII). (*Id.* ¶¶ 18–33, 50–55, 72–85). Additionally, Larsen brings claims for negligent hiring, retention, and/or supervision against MRF (Count III) and Ocasye (Count V). (*Id.* ¶¶ 34–49, 56–71).

Plaintiff subsequently initiated the instant action for declaratory relief in April 2025. (Doc. 1). In August 2025, Plaintiff filed the operative Second Amended Complaint (Doc. 56 (the "**SAC**")) against each of the parties to the State Court Action, attaching a copy of the State Court Complaint as an exhibit thereto. (Doc. 56-1). In the SAC, the Plaintiff insurer avers that it has been defending the Underlying Defendants in the State Court Action under a reservation of rights. (Doc. 56, ¶ 22). Thus, through the instant suit, Plaintiff seeks a declaration that it has no duty to defend the Underlying Defendants in the State Court Action, nor any corresponding duty to indemnify them for Larsen's claims brought therein. (*Id.* ¶ 13).

In support thereof, in the SAC, Plaintiff avers that it issued the Policy to Ocasye. (*Id.* ¶ 18). The Policy covers "Bodily Injury and Property Damage caused by an Accident that results from the ownership, maintenance, or use of a Covered Auto." (*Id.* ¶ 19). Initially, to trigger coverage, the Policy language required that the "Covered Auto [was] being operated by a Permissive Driver at the time of the Accident." (*Id.*). Prior to the accident, however, Plaintiff modified this language through an endorsement (the "**Endorsement**") that replaced the term "Permissive Driver" with the term "Scheduled Driver." (*Id.*). "Scheduled Driver" was, in turn, defined as a driver who was specifically identified in the Endorsement. (*Id.*). The Endorsement also provided that an "Insured" would include a "Scheduled Driver" who was "operating the Covered Auto with permission from the Named Insured in the course and scope of [its] Commercial Auto Operations." (*Id.*). Finally, the Endorsement provided a mechanism by which Named Insureds could add new drivers to the Policy, and confirmed that "[t]here is no coverage . . . for any new driver until the new driver has been scheduled on the Policy by way of an Endorsement issued by the Insurer and the associated premium for the new driver has been paid." (*Id.*). At the time of the accident, Gutierrez-Rodriguez was not a Scheduled Driver under the Policy. (*Id.* ¶ 20).

The Policy also contained relevant exclusions from coverage, including as to the following:

> 5. Claims or Suits alleging negligent hiring of employees or contractors, failure to contract with contractors, negligent supervision of contractors, or any liability relating to an

4

independent contractor's service or failure to provide service [("**Exclusion 5**")].

. . . .

19. Bodily Injury or Property Damage arising out of the ownership, maintenance or use of a Covered Auto by anyone other than an Insured [("**Exclusion 19**")].

(*Id.*).

As a result of the foregoing, Plaintiff brings five counts against Defendants. (*Id.* ¶¶ 25–58). In the first four counts, Plaintiff asserts various bases in the Policy language for its position that it has no duty to defend or indemnify the Underlying Defendants in the State Court Action. (*Id.* ¶¶ 25–54). Specifically, in Count I, Plaintiff contends that none of the Underlying Defendants are covered by the Policy as Gutierrez-Rodriguez is not named as a Scheduled Driver as required by the Endorsement. (*Id.* ¶¶ 25–31). Similarly, in Count II, Plaintiff asserts that none of the Underlying Defendants are covered by the Policy based upon Exclusion 19, as the accident occurred when the vehicle was being operated by someone who was not an "Insured"—i.e., not a Scheduled Driver—under the Policy. (*Id.* ¶¶ 32–39). In the alternative, Plaintiff contends in Count III that Exclusion 5 precludes coverage as to *State Court* Counts II through VII. (*Id.* ¶¶ 40–48). Again in the alternative, in Count IV, Plaintiff avers that the Endorsement's definition of "Insured" excludes all of the Underlying Defendants except Ocasye from coverage as to the State Court Action. (*Id.* ¶¶ 49–54). Finally, in Count V, assuming the Court agrees with Plaintiff on one or more of the foregoing counts, Plaintiff seeks a

declaration that it is entitled to reimbursement of litigation costs in the State Court Action. (*Id.* ¶¶ 55–58).

Now, Defendants seek dismissal of the SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See generally* Docs. 58, 61). Plaintiff has responded to the Motions and they are thus ripe for review. (Docs. 60, 62)

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), challenges to subject matter jurisdiction may come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. As such, the allegations within the complaint are assumed true for the purposes of the motion. *Id.* On the other hand, factual attacks challenge the existence of subject matter jurisdiction irrespective of what the complaint alleges. *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997). Accordingly, courts may consider information outside of the pleadings—including testimony, affidavits, and other evidence—and may make factual findings to resolve the motion. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

### B.   Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a

6

motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III.   DISCUSSION

### A.   Defendants' Rule 12(b)(1) Arguments

To begin, Defendants argue that the Court lacks subject matter jurisdiction over this action because Plaintiff's duty to indemnify claims are not yet ripe. (Doc. 58, pp. 8–9; Doc. 61, p. 3). As ripeness is a "threshold jurisdictional question of whether a court may consider the merits of a dispute," the Court will consider it first. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

Under Article III of the United States Constitution, federal courts' jurisdiction is limited to cases and controversies. *E.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). Ripeness is a justiciability doctrine that is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)). Thus, a court must typically dismiss a claim for lack of subject matter jurisdiction if it is not ripe for adjudication. *Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co.*, 509 F. App'x 919, 921 (11th Cir. 2013).[4] Ripeness and declaratory judgments are interconnected in that there

---

[4]   "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

must be an active case or controversy (i.e., the case or controversy must be ripe for judicial review) for the court to make a declaratory judgment. *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

### 1.    *Duty to Defend*

"[I]t is well-settled under Florida law that an insurer's duty to defend an insured is separate and distinct from the question whether it has a duty to indemnify the latter against the imposition of damages." *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1107 (11th Cir. 2017) (citing *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co.*, 601 F.3d 1143, 1148 (11th Cir. 2010)). That is, "[a] liability insurer owes its insured two distinct duties: a duty to defend the insured against the claim, and a duty to indemnify the insured against liability." *Lloyd's v. Anchor Ins. Holdings, Inc.*, No: 8:21-cv-370-TPB-AEP, 2021 U.S. Dist. LEXIS 264442, *1, *4 (M.D. Fla. Aug. 24, 2021).

The duty to defend is dependent "solely on the facts and legal theories alleged in the pleadings and claims against the insured." *Laws. Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 536 (Fla. 1977)). Consequently, an insurance company "may be required to defend a suit even if the later true facts show that there is no coverage." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (quoting *Trizec Prop., Inc. v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir. 1985)). Thus, federal courts have declined to dismiss a ripe duty to defend claim even where the accompanying duty to indemnify claim

9

was unripe. *See Lloyd's*, 2021 U.S. Dist. LEXIS 264442 at *4; *see also S. Owners Ins. Co. v. Gallo Bldg. Servs., Inc.*, No. 8:15-cv-1440-EAK-AAS, 2019 WL 3854779, at *1–*2 (M.D. Fla. June 21, 2019). Finally, federal courts have declined to dismiss a duty to defend claim on ripeness grounds where the "claim [was] mature and distinctly defined." *Allstate Indem. Co. v. Brook*, No. 25-60059-civ-SMITH, 2025 U.S. Dist. LEXIS 273108, *1, *5–*6 (S.D. Fla. June 18, 2025).

In the instant case, an active case or controversy exists because Plaintiff alleges that it does not have a duty to defend the Underlying Defendants from the allegations in the State Court Complaint as Plaintiff asserts Defendant Rodriguez was not a Scheduled Driver at the time of the accident. (*See* Doc. 58, ¶ 20). Accordingly, the Court finds that the duty to defend claim is ripe for adjudication and that the Court thus has jurisdiction over the claim.

### 2.     *The Duty to Indemnify*

The duty to indemnify is narrower than the duty to defend and is "determined by the underlying facts adduced at trial or developed through discovery during the litigation." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1324 (11th Cir. 2014) (citing *U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So. 2d 686, 691 (Fla. 4th DCA 2006)).[5] "In other words, to determine whether there is a duty to indemnify, one looks at the actual facts, not only those that were alleged in the state court complaint." *Id.* It is widely accepted that the

---

[5]  Plaintiff represents, and Defendants do not contest, that Florida substantive law applies to the Court's interpretation of the Policy. (Doc. 60, p. 7 n.3). Accordingly, the Court applies Florida substantive law when interpreting the Policy herein.

duty to indemnify is not ripe "until the underlying lawsuit is resolved or the insured's liability is established." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (collecting cases). Importantly, to the Court's knowledge, a final judgment has not been entered concerning the State Court Action as, at the time the Motions were filed, the case was in the early phases of discovery. (*E.g.*, Doc. 58, p. 9 n.3).

It is common practice for federal district courts in Florida to stay proceedings until a duty to indemnify claim becomes ripe. Courts most often do so upon the plaintiff filing a motion to stay. *E.g.*, *Qbe Specialty Ins. Co. v. City of Miami,* No. 24-21854-CV-WILLIAMS, 2025 U.S. Dist. LEXIS 27045, *1, *7–*8 (S.D. Fla. Feb. 13, 2025) ("The Court is persuaded by Plaintiff's interpretation and by the cases . . . where courts stayed unripe duty to indemnify claims while allowing ripe duty to defend claims to proceed."); *see also Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.*, No. 16-24509-CIV-ALTONAGA/O'Sullivan, 2017 U.S. Dist. LEXIS 218708, 2017 WL 5643298, *1, *5 (S.D. Fla. Feb. 21, 2017) ("Where a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, a well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature request."). However, federal courts in this state have also stayed such claims *sua sponte. E.g., Phila. Indem. Ins. Co. v. Hamic*, No. 8:12-cv-829-T-26EAJ, 2012 U.S. Dist. LEXIS 104789, at *1, *5, *9 (M.D. Fla. July 27, 2012) (staying an unripe duty to indemnify claim when ruling on a motion to dismiss and

motion to strike) (citing *S. Coatings, Inc. v. Century Surety Co.*, No. 07-80558-CIV-SEITZ/O'Sullivan, 2008 U.S. Dist. LEXIS 28374, *1, *4 (S.D. Fla. Apr. 7, 2008) ("Considering the circumstances of this case, the Court finds that the indemnity claim must be stayed until the state proceeding is concluded.")); *see also Smithers Constr. Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) (retaining jurisdiction over an unripe duty to indemnify claim when considering a motion to remand and for abstention).

Under the circumstances, while the Court agrees with Defendants that Plaintiff's claims for declaratory relief regarding its duty to indemnify the Underlying Defendants are not yet ripe for adjudication, the Court will *sua sponte* stay such claims and will retain jurisdiction thereover until the claims become ripe.[6] Accordingly, the Court denies Defendants' requests that it dismiss the suit for lack of subject matter jurisdiction.

### B.  Defendants' Rule 12(b)(6) Arguments

Defendants also argue that the SAC should be dismissed for its failure to state claims upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 58, pp. 6–8; Doc. 61, pp. 1, 7–8). For his part, Larsen argues[7] that Plaintiff cannot show Larsen's state court claims "are entirely within" Exclusions 5 and 19 and "are

---

[6]  *See Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) (finding that a court has broad discretion to stay proceedings or decline to do so incident to the court's inherent authority to manage its cases); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding district courts have broad discretion to determine whether to stay proceedings before them).

[7]  While the Underlying Defendants attempt to "adopt all arguments in [Larsen]'s Motion," this is forbidden by the Local Rules of this Court. *See* Local Rule 3.01(h) ("A motion . . . may not incorporate by reference all or part of any other motion . . . .").

subject to no other reasonable interpretation."[8] (Doc. 58, p. 6 (citing *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000))). In response, Plaintiff contends that, through his 12(b)(6) arguments, rather than concerning himself with the proper pleading standards, Larsen improperly seeks to test "whether [Plaintiff] will ultimately prevail on all of its causes of action." (Doc. 60, p. 6).

The Court agrees with Plaintiff. In support of his purported Rule 12(b)(6) challenge, Larsen cites entirely to cases decided at the summary judgment stage. (Doc. 58, pp. 6–8 (first citing *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1996 (11th Cir. 2006); then citing *Anderson*, 756 So. 2d at 34; then citing *Miranda Constr. Dev. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1336, 1339 (S.D. Fla. 2010); and then citing *Prime Prop. & Cas. Ins. Co. v. Endora Lion Trucking, Inc.*, No. 5:23-cv-731-JSM-PRL, (M.D. Fla. May 28, 2025), ECF No. 74).[9] Moreover, as Plaintiff correctly notes, "Rule 12(b)(6) has a limited focus when a party is seeking declaratory relief. The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *SFR Servs. LLC v. Webb*, 23-CV-81079-RLR, 2024 U.S. Dist. LEXIS

---

[8]   Inasmuch as Counts I, IV, and V of the SAC do not pertain to Policy exclusions, the Court notes that Larsen's Rule 12(b)(6) arguments can only apply to Count II, concerning Exclusion 19, and Count III, concerning Exclusion 5. (Doc. 56, ¶¶ 25–31, 40–54).

[9]   The Court notes that Larsen cites May 25, 2025, as the date of the relevant Order in this case and fails to include a cite to the pertinent docket entry. (Doc. 58, p. 8). The Court can only conclude that Larsen intends to cite to the summary judgment Order at docket entry 74, which was filed on May 28, 2025, as it was the only Order docketed by the *Endora Lion Trucking* court for the entire month of May in 2025.

7722, at *5–*6 (S.D. Fla. Jan. 16, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 14123, at *1 (S.D. Fla. Jan. 26, 2024) (internal citations omitted); (*see* Doc. 60, p. 6). Applying the proper Rule 12(b)(6) standard, the Court finds Plaintiff's allegations sufficient to proceed on its declaratory judgment claims.

Finally, the Underlying Defendants argue that a condition precedent to Plaintiff filing the instant action has not been met, as the Policy contains a "mediation clause requiring the parties to engage in mediation." (Doc. 61, pp. 7–8). Yet, the Underlying Defendants fail to cite to any relevant provision in the Policy. (*Id.*). Moreover, it appears that the Policy does not require mediation but merely states that mediation is available upon written request. (Doc. 56-2, pp. 29–30, 43) ("Prior to the institution of litigation, mediation is available for resolution . . . ."). The Underlying Defendants offer no information as to whether mediation was requested. (Doc. 61, pp. 7–8). Additionally, the Underlying Defendants provide no legal authority in support of this argument. (*See id.*). Under the circumstances, this argument fails to persuade the Court that dismissal of the SAC is warranted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant Daniel S. Larsen's Motion to Dismiss Complaint (Doc. 58) is **DENIED**.

14

2. Defendants Yusmiel Gutierrez-Rodriguez; MRF Trucking, LLC; Ocasye Trucking, LLC; Alberto Martinez-Reyes; and Jesus A. Pino's Motion to Dismiss Complaint (Doc. 61) is **DENIED**.

3. Plaintiff's claims for declaratory judgment regarding the duty to indemnify are hereby **STAYED** pending the resolution of the State Court Action. (*See* Doc. 56, ¶¶ 31, 39, 48, 54). The parties shall promptly inform the Court of the resolution of the State Court Action and of any other matter than may affect the aforementioned stay of Plaintiff's claims. Further, the parties shall file status reports every sixty (60) days regarding the status of the State Court Action.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

15